```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

CARLO BAY ENTERPRISE, INC.,

    Plaintiff,

v.                                  Case No. 8:14-cv-1989-T-33TGW

TWO AMIGO RESTAURANT, INC.,
ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of Plaintiff Carlo Bay Enterprise, Inc.'s (Carlo Bay) Motion for Award of Attorneys' Fees and Non-Taxable Expenses (Doc. # 21), accompanying memorandum of law (Doc. # 23), and Proposed Bill of Costs (Doc. # 22), all filed on December 22, 2014.

**I.**   **Background**

On August 18, 2014, Carlo Bay initiated this action against Defendants Two Amigo Restaurant, Inc., Phillip Lopez, and William Lopez for (1) trademark infringement, (2) contributory infringement, (3) false designation of origin, (4) common law unfair competition and trademark infringement, (5) trademark dilution under Florida law, (6) trademark infringement under Florida law, and (7) violation of the Florida Unfair Competition Act. (See Doc. # 1). Defendants

failed to timely appear and respond in this action. As a result, on September 15, 2014, Carlo Bay applied for Clerk's entry of default against Two Amigo Restaurant. (Doc. # 9). Thereafter, Carlo Bay applied for Clerk's entry of default against Phillip Lopez and William Lopez on September 19, 2014. (Doc. ## 11, 12). The Clerk entered default against all three Defendants on September 22, 2014. (Doc. ## 13-15).

Carlo Bay filed a Motion for Entry of Default Judgment on November 20, 2014 (Doc. # 18), which this Court granted on December 8, 2014 (Doc. # 19). In its Order, the Court provided that "[i]f Plaintiff intends to file a motion for attorney fees in this matter, Plaintiff is directed to do so on or before December 22, 2014. Any such motion must be accompanied by a detailed fee ledger itemizing the hours worked in this case." (Id.). Carlo Bay filed the present Motion for Award of Attorneys' Fees and Non-Taxable Expenses on December 22, 2014 (Doc. # 21), accompanied by a detailed fee ledger (Doc. # 21-1), and an affidavit of Carlo Bay's counsel (Doc. # 21-2). Furthermore, Carlo Bay filed a Proposed Bill of Costs (Doc. # 22) and a memorandum of law in support of its request (Doc. # 23).

**II. Analysis**

    **A. Attorneys' Fees**

By way of the present Motion, Carlo Bay requests an award of reasonable attorneys' fees pursuant to the Lanham Act, as set forth in 15 U.S.C. § 1117(a). (See Doc. # 21). Section 1117(a) provides, in relevant part, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Exceptional cases are cases in which the infringing party acts in a malicious, fraudulent, deliberate, or willful manner. Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168 (11th Cir. 1994).

In its December 8, 2014, Order, this Court found that, in addition to the presumption raised by Defendants' default,[1] Carlo Bay offered sufficient evidence demonstrating that Defendants' infringement was willful. (Doc. # 19 at 15). Indeed, the Court found, as did the court in Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 157 (E.D.N.Y. 2010), "it would be difficult for the court to conclude that the infringements were anything but willful." See also Chanel, Inc. v. Mesadieu, No. 6:08-cv-1557-ORL-31KRS, 2009 WL 2496586, at *9 (M.D. Fla. Aug. 12, 2009) (willful manner established where defendant continued to infringe on marks

---

[1] See PetMed Express, Inc. v. MedPets.com, Inc., 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004) ("[T]he Court may infer willfulness from Defendants' default.").

after receipt of two cease-and-desist letters). Therefore, having determined that an award of attorneys' fees is warranted given Defendants' willful conduct, the Court turns to a consideration of the appropriate amount.

Carlo Bay's counsel contends that to date, he has incurred attorneys' fees in the amount of $14,320.00, which he represents is reasonable. (Doc. # 21-2 at 2). This amount includes the work counsel performed at $425.00 per hour and the work his associate performed at $250.00 per hour. (Id. at 3-4).

This Court is afforded broad discretion in addressing attorneys' fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) ("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.") (internal citation omitted). The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer Cnty., 471 U.S. 234, 242 (1985). Further, the fee applicant must support the number of hours worked. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorneys' fees] and

4

may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

Upon review of the documents provided by Carlo Bay's counsel (Doc. ## 21, 21-1, 21-2, 22, 23), the Court determines that the attorneys' fees requested are reasonable under the circumstances of this case. In particular, the Court notes that Carlo Bay, to date, has paid counsel over $9,000.00 in legal fees. (Doc. # 21-2 at 4). Furthermore, the request is accompanied by a comprehensive fee ledger appropriately detailing the basis for a fee award in this matter. (See Doc. # 21-1). Therefore, the Court finds that the requested $14,320.00 is appropriate. Accordingly, Carlo Bay's Motion is granted as to attorneys' fees.

**B.   Costs**

Carlo Bay also requests an award of costs in the amount of $1,230.02, pursuant to the Lanham Act. (See Doc. ## 21-22). Specifically, as set forth in its Proposed Bill of Costs, Carlo Bay seeks compensation for the following costs: $400.00 for fees of the Clerk, $340.00 for fees for service of summons and subpoena, $86.50 for fees for exemplification and the costs of making copies, and $403.52 for other costs (including Pacer and WestLaw access, postage, fax expenses, and

5

parking). (Doc. # 22). As Defendants have failed to appear in this action, the Court considers the Proposed Bill of Costs as unopposed.

Upon due consideration, and for the reasons specified above, the Court grants the requested attorneys' fee of $14,320.00. Carlo Bay's counsel is further entitled to $1,230.02 in costs. Thus the total award of fees and costs amounts to $15,550.02.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Carlo Bay Enterprise, Inc.'s Motion for Award of Attorneys' Fees and Non-Taxable Expenses (Doc. # 21) is **GRANTED.**

(2) Plaintiff's Proposed Bill of Costs (Doc. # 22) is **GRANTED.**

(3) The Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of January, 2015.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record